**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| SODEXO MANAGEMENT, INC., | ) |
| | ) |
| Plaintiff, | ) |
| | ) Case No: 11-CV-10340 |
| v. | ) |
| | ) |
| NORTH AMERICAN CAPACITY | ) |
| INSURANCE COMPANY, | ) |
| | ) |
| Defendant. | ) |
| | ) |

## COMPLAINT

Plaintiff, Sodexo Management, Inc. (f/k/a Sodexho Services, Inc.) ("Sodexo"), brings this action against Defendant North American Capacity Insurance Company ("NAC") as a result of NAC's failure to pay out $2,190,000 owed under an insurance policy that Sodexo purchased from NAC. Such actions by NAC constitute a clear breach of contract.

### Parties

1.      Sodexo is a corporation organized under the laws of New York with its principal place of business at 9801 Washingtonian Blvd., Gaithersburg, Maryland. Sodexo is registered with the Massachusetts Secretary of State to do business in Massachusetts.

2.      NAC is a corporation organized under the laws of New Hampshire, with its principal place of business at 650 Elm Street, Suite 600, Manchester, New Hampshire.

### Jurisdiction

3.      This Court has subject matter jurisdiction over this action under 28 U.S.C. § 1332 as the Parties are incorporated and have principal places of business in different states and the amount in controversy exceeds $75,000.

1

4.      This Court has personal jurisdiction over the defendant as NAC consented to personal jurisdiction in this Court in the agreement between the Parties.  That agreement specifically contains a Service of Suit clause, which states that NAC, upon the request of Sodexo, "will submit to the jurisdiction of a court of competent jurisdiction within the United States of America."

**Facts**

5.      On or about April 28, 2003, Sodexo entered into a contract with a hospital in Buffalo, New York, known as Roswell Park Cancer Institute Corporation ("Roswell"), in which Sodexo agreed to perform a heating and cooling project at Roswell (the "Project").  The Project involved upgrades to Roswell's energy systems infrastructure that were designed to bring about energy savings for Roswell, plus provide heating and cooling to a new facility in the early phases of construction at the time.  (The contract between Sodexo and Roswell is hereinafter referred to as the "Roswell Contract").

6.      Per Article 13 of the Roswell Contract (the "Energy Guarantee"), the Project was to generate a guaranteed $5,607,351 in energy savings during the first five years after the completion of the Project (the completion of which was to be documented by a certificate of substantial completion issued by Roswell).  The largest portion of those savings ($3,456,000) was to come from a turbine/generator system that was to be installed at Roswell.

7.      In order to insure the Energy Guarantee, Sodexo obtained an Energy Conservation and Savings Indemnification Policy from NAC, policy number DQN000001100, on or about December 20, 2004 (the "Insurance Policy").  (A copy of the Insurance Policy is attached hereto as an Exhibit).

2

8.      Under the terms of the Insurance Policy, NAC was to indemnify Sodexo up to $2,190,000, for any shortfalls on energy savings of the Energy Guarantee.

9.      Sodexo paid all premiums due under the Insurance Policy.

10.     By December 1, 2005, the Project was substantially complete, in that all the equipment contemplated in the Roswell Contract had been installed and was operational, including the turbine/generator system.

11.     Thereafter, a dispute arose between Sodexo and Roswell as to whether the turbine/generator system would generate any of the energy savings detailed in the Energy Guarantee.  As a result, Roswell would not issue a certificate of substantial completion at that time.

12.     Ultimately, Roswell instituted an action (the "Roswell Litigation"), on or about March 22, 2007, against Sodexo alleging (among other things) that the turbine/generator system did not generate any of energy savings detailed in the Energy Guarantee.

13.     Subsequently, Sodexo put NAC on notice of the Roswell Litigation and demanded that NAC indemnify Sodexo pursuant to the Insurance Policy.  NAC, however, declined to pay any amount given that Roswell had not yet issued a certificate of substantial completion, nor had Sodexo made any energy savings shortfall payments to Roswell.  NAC did acknowledge that it had "been placed on notice of a potential claim as may arise when and if there will be substantial completion and acceptance of Sodex[]o's work by Roswell Park, as well as payment made by Sodex[]o in satisfaction of its contractual obligation as stated in the Energy Guarantee."

14.     Thereafter, Sodexo vigorously defended the Roswell Litigation, but ultimately settled the matter.

15.     As part of that settlement, Sodexo paid Roswell an amount in excess of the Insurance Policy as a shortfall under the Energy Guarantee.  In addition, Roswell executed the Certificate of Substantial Completion confirming that the Project was substantially complete by December 1, 2005.

16.     On or about January 25, 2011, Sodexo notified NAC of its shortfall payment to Roswell, sent NAC a copy of the Certificate of Substantial Completion, and demanded that NAC pay the full amount of the Insurance Policy.  To date, NAC has not made any such payments.

### COUNT I
### (Breach of Contract)

17.     Sodexo reasserts and incorporates by reference paragraphs 1 through 16 of this Complaint as if fully set forth herein.

18.     Sodexo fully performed its obligations under the Insurance Policy as it paid all required premiums.

19.     NAC breached the Insurance Policy by failing to indemnify Sodexo the full amount of the Insurance Policy.

20.     As a result of NAC's breach, Sodexo has been damaged in excess of  $2,190,000, plus attorneys' fees and costs.

### Count II
### (Breach of the Implied Covenant of
### Good Faith and Fair Dealing)

21.     Sodexo reasserts and incorporates by reference paragraphs 1 through 20 of this Complaint as if fully set forth herein.

22.     NAC breached the covenant of good faith and fair dealing implied in the Insurance Agreement by, among other things, refusing to pay the shortfall on the Energy Guarantee in a timely manner.

23.     As a result of NAC's breach of the implied covenant of good faith and fair

dealing, Sodexo has suffered damages.

**WHEREFORE**, Sodexo respectfully requests that this Court:

1.      Enter judgment for Sodexo and against NAC on Counts I-II;

2.      Award Sodexo damages in excess of $2,190,000;

3.      Award Sodexo its attorneys' fees and costs in this action; and

4.      Award Sodexo such other relief as it deems just and proper.

<u>**JURY DEMAND**</u>

Sodexo hereby demands a trial by jury on all issues so triable.

SODEXO MANAGEMENT, INC.,

By its attorneys,

/s/ Jaimie A. McKean_____
Harry L. Manion III, BBO # 317440
Jaimie A. McKean, BBO # 657872
Ellen M. Bates, BBO # 663623
COOLEY MANION JONES LLP
21 Custom House Street
Boston, MA 02110
Tel:  617-737-3100
Fax: 617-737-0374
hmanion@cmjlaw.com
jmckean@cmjlaw.com
ebates@cmjlaw.com

Dated:  March 1, 2011
432341v1